337 P.2d 718

**SECURITY TITLE COMPANY, a corporation, Plaintiff and Respondent,**

**v.**

**Eugenia R. HUNT, Defendant and Appellant. Fred T. Aoki and Kyioko Aoki, his wife, Noburo Aoki and Eva T. Aoki, his wife, and the Alta Realty and Construction Company, Defendants and Respondents.**

No. 8953.

Supreme Court of Utah.

April 10, 1959.

68

W. R. Huntsman, West Jordan, for appellant.

Harry D. Pugsley, William C. Quigley, Salt Lake City, for respondents.

WADE, Justice.

The Security Title Company commenced this action to have the court determine to which defendants it should deliver certain instruments and monies which it was holding in escrow and for compensation for its services.

The escrow arrangement was the result of a real estate exchange agreement between defendant Eugenia R. Hunt and the defendants Aoki, and for which the defendant Alta Realty and Construction Company was to receive a 5% commission for its services as real estate agent in consummating the proposed sale and exchange of properties and real estate contracts involved. Defendant and appellant Eugenia R. Hunt filed an answer and cross-com-

plaint alleging fraud of defendants Aoki and Alta Realty and Construction Company in obtaining the exchange agreement and the sale of her apartment to the Aokis, and asked that all the documents she signed be annulled and that she be relieved of any obligations incurred in the transaction. The defendants Aoki answered and counterclaimed seeking specific performance or damages for failure to perform. After pre-trial and trial the court found the issues in favor of the defendants Aoki and Alta Realty and Construction Company and granted judgment ordering specific performance of appellant Hunt's contract to sell her apartment, and further ordering that the escrow be closed in accordance with statements and instructions of the court enumerated in the findings of fact and conclusions of law and incorporated by reference into the judgment.

Appellant contends that the court erred in (1) denying her a jury trial; (2) in allowing the Alta Realty and Construction Company recovery on a note representing part of the realty commission; (3) in allowing $100 per month rental to the defendants Aoki for appellant's occupation of an apartment in the property sold to the Aokis and (4) for failing to find that the real estate agents, who were responsible for the exchange and sale of the properties and the real estate contract and who were the agents for all the parties, practiced a continuing fraud on appellant.

■ There is no merit to appellant's first contention. The record shows that appellant's counsel at the pre-trial withdrew his request for and waived a jury trial. The court therefore did not abuse its discretion in refusing to grant a jury trial which appellant later again requested at the time of the trial.

■ As to appellant's second contention it appears that the court ordered that: "Eugenia R. Hunt [appellant] be required to pay the Alta Realty and Construction Company the sum of $400.00, which represents payments on the Promissory Note for the months of December, 1957, thru June 1958. The next payment on said note to be for the month of July, 1958." A search of the record discloses no evidence of the execution of a promissory note, nor is there a promissory note introduced in evidence. There is an exhibit referred to as a "promissory note" but that exhibit is a paper denominated "Promissory Note" and containing the terms of such an instrument and could have become a promissory note had it been signed by an obligor, but it is not so signed. In the absence of evidence of the execution of such a note there was no evidence upon which the court could base its order and judgment quoted above and it erred in doing so.

■ Appellant's third contention concerns the court's action in its escrow instructions whereby it ordered her to pay the

buyer of her property all the rentals she had collected from the time the buyer was entitled to possession under the contract of sale including a rental charge of $100 per month on the apartment occupied by herself. There is nothing in the escrow agreement signed by appellant nor is there any evidence in the record upon which such an order can be based. Appellant did not agree to pay rentals to the buyer. If the buyer is entitled to such rentals it would be as damages suffered on account of appellant's breach of her contract to sell and her failure to surrender possession. Such damages would have to be pleaded [1] and proved by sufficient evidence of the rental value of such apartments. Where the apartments were actually rented for a certain sum such evidence would probably be sufficient as to the damages suffered, but where an apartment was occupied but no rent collected the general rules of evidence should apply in establishing the reasonable rental value as a measure of damages. As stated in 32 Am. Jur. 438, Landlord and Tenant, Sec. 531,

"In an action for use and occupation to establish the reasonable rental value of the land, the value of the property, the rentals of other similar property, and opinion evidence may, under proper circumstances, be admissible."

In our opinion a mere statement of rental value in a listing given to a real estate broker for the purpose of procuring a sale of the property is not sufficient evidence of rental value upon which to base a judgment for damages for wrongful detention of possession.

Appellant's fourth contention that the court erred in failing to find that the real estate agents as the agents for all the parties had practiced a continuing fraud on appellant and therefore should not have granted specific performance of the contract to the other parties represented by these agents is without merit. The evidence is clear that at the time appellant executed the contract she had had the advice of counsel and was fully cognizant of all the facts she now claims constituted a fraud upon her. Under such circumstances the court did not err in refusing to find that a fraud had been practiced upon appellant which had induced her to execute the contract.

Affirmed in part and reversed in part with instructions that the court take further proceedings on the issues of the execution of the promissory note and on damages for the wrongful detention of possession, and to allow any amendments necessary to the pleading of these issues. No costs allowed.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WORTHEN, J., concurs in the result.

1. 55 Am.Jur. Vendor & Purchaser, Sec. 565, p. 958.